**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IVAN MENDOZA, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-02089 |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, IVAN MENDOZA, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the FDCPA claim(s) under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Subject matter jurisdiction exists over the TCPA claim(s) under 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

1

## PARTIES

5. IVAN MENDOZA ("Mendoza") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 6825 Garden Lane, Bridgeview, Illinois 60455.

6. Mendoza is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Mendoza is a "person" as defined by 47 U.S.C. § 153(39).

8. DIVERSIFIED CONSULTANTS, INC. ("DCI"), a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 2092 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

9. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. DCI uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. DCI is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Mendoza was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2783.

13. At all times relevant, Mendoza was financially responsible for his cellular telephone equipment and services.

14. On or before August 7, 2017, DCI initiated a relentless telephone harassment campaign in an effort to collect debt allegedly owed by Mendoza's wife, Iris Santana.

15.     Each time Mendoza answered, Mendoza was received by a pause, click, and dead air before

        being connected to a representative.

16.     Specifically, there was a clear pause between the time Mendoza said "hello," and the time

        that a representative introduced them self.

17.     On September 13, 2017 at 3:09 p.m., Mendoza advised DCI that they were calling Ivan

        Mendoza and not Iris Santana.

18.     Mendoza was assured that they would update their records and remove Mendoza's number

        from their system.

19.     *31 minutes later*, DCI placed another call to Mendoza seeking to collect debt allegedly

        owed by Iris Santana.

20.     In total, DCI placed no less than 20 un-consented to collection calls to Mendoza's cellular

        telephone, including, but not limited to on:

| | |
|---|---|
| August 8, 2017 | August 29, 2017 |
| August 9, 2017 | August 30, 2017 |
| August 11, 2017 | August 30, 2017 |
| August 11, 2017 | September 1, 2017 |
| August 15, 2017 | September 1, 2017 |
| August 17, 2017 | September 7, 2017 |
| August 18, 2017 | September 8, 2017 |
| August 21, 2017 | September 13, 2017 |
| August 23, 2017 | September 13, 2017 |
| August 24, 2017 | September 14, 2017 |

21.     Upon information and belief, at no time did Iris Santana provide Mendoza's cellular

        telephone number ending in 2783.

22.     Upon information and belief, DCI obtained Mendoza's cellular telephone number ending

        in 2783 through a method known as "skip tracing."

23.     Upon information and belief, DCI placed the collection calls to Mendoza's cellular telephone using a predictive dialer[1].

24.     A predictive dialer is an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted consumer debt.

25.     DCI placed calls to Hillman's cellular telephones from the numbers (312) 637-8829, (312) 638-3074, and (312) 638-3080.

## DAMAGES

26.     DCI's collection calls have severely disrupted Mendoza's everyday life and overall well-being.

27.     DCI's collection calls have resulted in intrusion and occupation of Mendoza's cellular services, thus impeding receipt of other calls.

28.     DCI's collection calls have resulted in unnecessary depletion of Mendoza's cellular battery requiring him to incur electricity charges to recharge his cellular telephone.

29.     DCI's phone harassment campaign and illegal collection activities have caused Mendoza actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Mendoza's cellular telephone capacity, wasting Mendoza's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services,

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

30. Concerned about the violations of his rights and invasion of his privacy, Mendoza sought counsel to file this action to compel DCI to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Mendoza's balance with AT&T is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. DCI is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

34. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

35. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

36. DCI violated 15 U.S.C. §§1692d, and d(5) by making no less than 20 collection calls to Mendoza seeking to collect debt allegedly owed by Iris Santana.

37. DCI violated 15 U.S.C. §§1692d, and d(5) by calling Mendoza 31 minutes after being advised that they were calling Ivan Mendoza and not Iris Santana.

38. DCI's behavior of knowingly, persistently calling Mendoza's cellular telephone to collect debt owed by Iris Santana was abusive, harassing, and oppressive.

**Violation(s) of 15 U.S.C. § 1692e**

39.     Section 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.     DCI violated 15 U.S.C. §1692e by falsely representing, by implying, that Mendoza was liable for the debt allegedly owed by Iris Santana as they persistently called Mendoza.

41.     DCI violated 15 U.S.C. §1692e by falsely representing that they would update their records and remove Mendoza's number from their system.

42.     Mendoza may enforce the provisions of 15 U.S.C. §§1692d, d(5), and e pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

        (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Mendoza requests the following relief:

a.     find that DCI violated 15 U.S.C. §§ 1692d, d(5), and e;

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

43.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44.   DCI placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Mendoza's cellular telephone number ending in 2783 utilizing an automatic telephone dialing system ("ATDS") without Mendoza's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45.   In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute.  18 F.C.C.R. 14014, 14091-93 (2003).

46.   In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists."  27 F.C.C.R. at 15392 n. 5 (2012).

47.   In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'"  *Id*.

48.   Upon information and belief, based on the lack of prompt human response during the calls Mendoza answered, DCI employed a predictive dialer to place collection calls to Mendoza's cellular telephone number ending in 2783.

49.   Upon information and belief, the predictive dialing system employed by DCI transfers the call to a live representative once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50.   DCI violated the TCPA by placing no less than 20 calls to Mendoza's cellular telephone number ending in 2783 from August 8, 2017 to present-day utilizing an ATDS without Mendoza's consent.

51.   As pled above, DCI obtained Mendoza's cellular telephone number ending in 2783 through a method known as "skip tracing;" and therefore, did not have consent to place calls to Mendoza's cellular telephone number ending in 2783.

52.   As pled above, Mendoza was severely harmed by DCI' collection calls to his cellular telephone.

53.   Upon information and belief, DCI has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

54.   Upon information and belief, DCI knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Mendoza's expense.

55.   At all times material herein, DCI acted through its agents, employees, and/or representatives.

56.   As a result of DCI' violations of 47 U.S.C. § 227 *et seq*., Mendoza is entitled to receive no less than $500.00 in statutory damages, for each and every violation.

57.   As a result of DCI' *knowing and willful violations* of 47 U.S.C. § 227 *et seq*., Mendoza is entitled to receive no less than $1,500.00 in statutory damages, for each and every violation.

WHEREFORE, Mendoza requests the following relief:

a. find that DCI violated 47 U.S.C. § 227 *et seq*.;

b. enjoin DCI from placing any further calls to Mendoza's cellular telephone number ending in 2783 in the future;

c. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

March 22, 2018                                     Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Ivan Mendoza*